United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Bhumilal Budha Magar, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4479 |
| | § | |
| Martin Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Bhumilal Budha Magar is a native and citizen of Nepal, Docs. 7 at 1; 7-1 at 1; 8 at 1, who illegally entered the United States in 2023 and was charged with removability as an alien present in the United States without being admitted or paroled, Doc. 7-1 at 1. Petitioner was released from immigration detention on parole in June of 2023. Docs. 1 at 9; 8 at 1. On June 26, 2025, Petitioner was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), Doc. 1 at 4,[1] and he remains in the custody of Respondent, Warden of the Houston Contract Detention Facility in Houston, Texas, *id.* at 1. Petitioner was ordered removed on January 8, 2026, and he filed an appeal to the Board of Immigration Appeals, which remains pending. *See* Doc. 1 at 4–5. Liberally construed, the Petition seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds

[1] Respondents allege that Petitioner was detained on *May* 26, 2025; however, they cite the Petition to support this proposition. *See* Doc. 7 at 2 (citing Doc. 1 ¶ 11). Therefore, the Court assumes that Petitioner was detained on June 26, 2025, the date alleged in the Petition, rather than May 26, 2025. Even if this discrepancy raised a factual dispute, it would be immaterial because it does not alter the Court's constitutional analysis.

that Petitioner's present detention without a bond hearing violates substantive and procedural due process.[2] *See* Doc. 1 at 6–7, 9–10.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8.[3] Respondent maintains that Petitioner is not entitled to a bond hearing because he is an applicant for admission under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7 at 2–8; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and

---

[2] Petitioner also claims that his detention has brought on a severe deterioration of his physical and mental health (Ground Three). Doc. 1 at 10. The Court liberally construes this as a conditions-of-confinement claim. Claims regarding unconstitutional conditions of confinement are not cognizable in a *habeas corpus* action and must instead be raised in a civil rights action. *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020); *Cook v. Tex. Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *see also Rincones Escalante v. Thompson*, No. 4:26-CV-03710, 2026 WL 1602277, at *3 (S.D. Tex. June 2, 2026) (Eskridge, J.) (noting that conditions-of-confinement claims raised in a *habeas corpus* action "must instead be raised in a civil rights action"). As such, this claim must be dismissed without prejudice to being raised in a civil rights action.

[3] In his response, Petitioner principally relies on the Fifth Circuit's panel opinion in *Sosnava Rodriguez v. Ortega*, but the Circuit has since ordered the cause reheard *en banc* and vacated that opinion pursuant to Fifth Circuit Rule 41.3. *See* On Petition for Rehearing En Banc, No. 26-50183, (5th Cir. July 10, 2026), Doc. 174-1. As such, the Court is not bound by the panel opinion's holding or rationale.

Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. Petitioner's liberally construed conditions-of-confinement claim (Ground Three) is DISMISSED WITHOUT PREJUDICE to being raised in a civil rights action. In all other respects, this action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 29th of October, 2026.

Nicholas J. Ganjei
United States District Judge